UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-23748-JB

LUIS ENRIQUE MANTILLA VIDAL,

        Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,
*et al.*,

        Respondents.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Luis Enrique Mantilla Vidal's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Response in opposition to the Petition, and Petitioner filed a Reply. ECF Nos. [7], [9]. Respondents also filed supplemental briefing in response to this Court's Order to Show Cause, ECF Nos. [10], [11]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **DENIED**.

### I.  BACKGROUND

On May 28, 2026, Petitioner filed the instant Petition arguing that his continued detention is unconstitutional and that his removal is not reasonably foreseeable. ECF Nos. [1], [1-1]. Petitioner asks the Court to grant his Petition and order his immediate release from detention. ECF No. [1] at 7.

1

On June 1, 2026, Respondents filed their Response to the Petition.  ECF No. [7].  Respondents first argue that Petitioner is subject to a final order of removal, and therefore, is validly detained. *Id.* at 3. Next, they argue that because Petitioner obstructed his removal to Mexico, he cannot now argue that his removal is not reasonably foreseeable. *Id.* at 5.  Respondents also argue that Petitioner has not met his burden in proving that there is no significant likelihood that he will be removed. *Id.* at 5−6. Finally, Respondents argue that the Court lacks jurisdiction to hear Petitioner's claims. *Id.*

In reply, Petitioner argues that he validly states a claim because he has been detained longer than the presumptively reasonable period outlined in *Zadvydas*. ECF No. [9].  Next, Petitioner argues that Respondents have failed to show that his removal is reasonably foreseeable, and that the evidence provided by Respondents does not satisfy their burden in showing that his removal is likely. *Id.* at 3.

On July 7, 2026, the Court ordered Respondents to file supplemental briefing "as to whether Mexico has agreed to accept Petitioner and whether Petitioner's removal is significantly likely in the reasonably foreseeable future."  ECF No. [10]. On July 9, 2026, Respondents responded to this Court's order and argued that while Mexico has not yet agreed to accept the Petitioner, the Court should deny the Petition because Petitioner obstructed his removal to Mexico which tolls the time period for removal.  ECF No. [11] at 3.  Next, Respondents argue that Petitioner cannot meet his burden in proving that his removal is not substantially likely in the reasonably foreseeable future.  *Id.*  Specifically, Respondents argue that Petitioner provides no

2

evidence that Respondents cannot remove him. *Id.* at 3–4. Accordingly, Respondents request that the Court deny the Petition.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. See 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Since Petitioner is challenging that the length of his detention violates due process, rather than his final order of removal, the Court has jurisdiction over a Petitioner's habeas claim. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). Petitioner is subject to a final removal order and, thus, his detention is governed by Title 8 U.S.C. § 1231. Section 1231(a)(1) requires the Government to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the Government must detain the alien. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). The government may detain an alien beyond the ninety-day removal period only for a length of time "reasonably

necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.

In *Zadvydas*, the Supreme Court considered the petitions of two resident aliens who challenged the constitutionality of their detentions pursuant to 8 U.S.C. § 1231(a)(6), which permits the Government to detain an alien subject to a final order of removal beyond the 90-day statutory removal period set forth in § 1231(a)(1). *Id.* at 682. Although no country was willing to accept either alien once they were ordered removed, the Government continued to detain them after the expiration of § 1231(a)(1)'s 90-day removal period. *Id.* at 684-86. The Supreme Court held that a detainee may file a petition for writ of habeas corpus to challenge the reasonableness of their continued detention when the Government is unable to effectuate removal within the 90-day removal period. *Id.* at 687.

The Supreme Court further held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute" because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690, 699. In so ruling, the Supreme Court explained that it is presumptively reasonable for the Government to detain an individual for a period of six months while it effectuates that individual's removal. *Id.* at 701. That said, after this six-month period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus, "conditioned on any of the various

4

forms of supervised release that are appropriate in the circumstances . . . ."  *Id.* at 699–700.

Accordingly, to state a valid claim under *Zadvydas*, a petitioner must show (1) "post removal order detention in excess of six months," and (2) "a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).  Thereafter, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing."  *Id.* (quoting *Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Here, Petitioner had been in custody for more than six months when he filed the Petition.  *See* ECF No. [1]; *Akinwale*, 287 F.3d at 1052 ("This six-month period thus must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under *Zadvydas*.").  Specifically, Petitioner has been in custody since October 30, 2025, and filed his Petition on May 28, 2026. *See* ECF Nos. [1], [8-2]. However, Respondents are correct that Petitioner's refusal to cooperate with his removal proceedings toll the time period.

The Court finds that the delay in effectuating Petitioner's removal was not presumptively unreasonable because the *Zadvydas* period (i.e., 180 days) is tolled due to Petitioner's actions to prevent his removal.  Petitioner's failure to cooperate tolls the six-month removal period. *See Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x

894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal."); *Lambert v. Garland,* No. 22-cv-23976, 2023 WL 2016841, at *4 (S.D. Fla. Feb. 15, 2023) ("Since [petitioner] only began cooperating with the Respondents on November 14, 2022, the length of his detention (for *Zadvydas* purposes) was tolled until that day."); *Davis v. Rhoden*, No. 19-cv-20082, 2019 WL 2290654, at *7 (S.D. Fla. Feb. 26, 2019) ("[T]he delay in effectuating Petitioner's removal was not presumptively unreasonable because the *Zadvydas* period. . . tolled due to Petitioner encumbering the removal process."), *report and recommendation adopted*, No. 19-cv-20082, 2019 WL 2289624 (S.D. Fla. May 29, 2019). Here, Respondents argue that because Petitioner refused to be removed to Mexico his removal period should be considered tolled from the date of his attempted removal. ECF No. [11]. at 3. On March 28, 2026, 155 days into Petitioner's detention, Respondents attempted to remove Petitioner to Mexico but were not able to do so because Petition refused to get off the bus. ECF No. [11-1]. As such, the time frame is tolled and Petitioner has not met the first prong of *Zadvydas,* his claim is premature, and his detention does not violate due process.[1]

---

[1] Respondents also argue that the stay entered by this Court's Order to Show Cause, ECF No. [4], also tolled the time for Petitioner's removal. ECF No. [11] n.3. The Court notes that other courts in this district have "tolled the removal period in cases where the alien has sought and received a stay of removal through judicial action." *Wais v. Sessions,* No. 18-CV-20463, 2018 WL 11448784, at *4 (S.D. Fla. Apr. 30, 2018); *see also Djadju v. Vega*, No. 20-61060-CIV, 2020 WL 13548068, at *2 (S.D. Fla. June 15, 2020) ("Here, the stay order interrupted the running of the time under Zadvydas."). However, because the Court finds that, due to Petitioner's

Even if the Court were to proceed to the second prong, the Petition still fails. Although Respondents concede that Mexican authorities refused to accept Petitioner when they first attempted to remove him, they argue that they since attempted to remove him again and were not able to do so because of Petitioner's obstruction. ECF No. [11] at 2. Petitioner provides no reason to believe his removal is not reasonably foreseeable if he cooperates. *See Linares v. Dep't of Homeland Security*, 598 Fed. App'x 885, 887 (11th Cir. 2015) (affirming dismissal of habeas petition where the petitioner's failure to cooperate obstructed the Government's attempts to remove him); *see also Lezama Garcia v. Miami Field Office Director,* 2026 WL 632351, at *6 (S.D. Fla. March 6, 2026) ("Courts in this Circuit have consistently held that, when a habeas petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future[.]" (quoting *Lambert,* 2023 WL 2016841, at *3)). Thus, in addition to the Petition being premature, Petitioner also cannot meet his initial burden in showing no significant likelihood that removal will occur in the reasonably foreseeable future.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

---

actions, his detention does not exceed the presumptively reasonable period, it does not to reach this argument.

**DONE AND ORDERED** in Miami, Florida this 31st day of July, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

8